# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWMAN DIVISION

| | | |
|---|---|---|
| CERRO WIRE INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-87-BMGL |
| | § | |
| SOUTHWIRE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Southwire Company's Motion to Dismiss for Lack of Subject Matter Jurisdiction [Docket Entry #4]. For the reasons stated below, Defendant's Motion is **DENIED** in part, and the Court will decide remaining issues when it receives further briefing in accordance with the Court's instructions.

### Factual and Procedural Background

This case involves two lawsuits: the suit now before this Court, in which Plaintiff Cerro Wire Inc. seeks a declaratory judgment of non-infringement and invalidity regarding one of Defendant Southwire's patents, U.S. Patent No. 7,749,024 (the "'024 Patent"); and a patent infringement suit filed minutes later in the Eastern District of Texas, in which Southwire, there the plaintiff, alleges that Cerro infringed the '024 Patent.

The '024 Patent was issued to Southwire on July 6, 2010. Cerro commenced this suit by filing the Complaint at 12:02 a.m. Eastern Daylight Time ("EDT") on July 6, 2010,[1] seeking a

---

[1] Southwire initially disputed this fact and argued that the Complaint was actually filed on July 5 because both the docket sheet and the ECF timestamp at the top of the document indicated July 5 as the filing date. However, the Notice of Electronic Filing reflects that the Complaint was "entered" on July 6 at 12:02 a.m. EDT. Under this Court's Administrative Procedures for Filing by Electronic Means, "the Notice of Electronic Filing reflects the time

declaratory judgment of non-infringement and invalidity of the '024 Patent.  At 1:10 a.m. EDT/12:10 a.m. Central Daylight Time ("CDT"), Southwire filed suit against Cerro in the Eastern District of Texas, alleging infringement of the '024 Patent.

In its Motion to Dismiss, Southwire argues that Cerro filed its Complaint before the '024 Patent was issued and that the Court thus lacks subject matter jurisdiction over this case.  In support of this contention, Southwire offers the declaration of one of its attorneys, Jason W. Cook.  The declaration states that on July 5 and 6, 2010, Mr. Cook monitored two websites maintained by the PTO to determine when the '024 Patent would issue and that at 12:15 a.m. EDT on July 6, both pages indicated that the '024 Patent had not issued yet.  Mr. Cook's declaration further states that after 12:15, but before 12:30, one of the websites, the "PAIR page,"[2] indicated that the '024 Patent had issued.

Alternatively, Southwire argues that even if Cerro filed its Complaint after the '024 Patent issued, the Court should depart from the "first-to-file rule," which generally favors the action filed first in time when parties file competing lawsuits in different forums.

Therefore, Southwire's Motion and the related briefing present the Court with two issues: 1) whether the Court has subject matter jurisdiction over Cerro's declaratory judgment suit; and 2) if so, whether the Court should exercise its discretion to assert jurisdiction over this suit or dismiss it in favor of the infringement suit pending in the Eastern District of Texas.

### Discussion

The Court first addresses whether it has subject matter jurisdiction over Cerro's declaratory judgment claims.  Southwire argues that Cerro's claims do not present a justiciable case or controversy because the '024 Patent had not issued at the time Cerro filed its Complaint.

---

the electronic transmission of a document is completed."  App. H , LR, NDGa.  Furthermore, the Clerk has since corrected the docket sheet and the ECF time stamp to reflect July 6 as the filing date.
[2] http://portal.uspto.gov/external/portal/pair.

In order to present a justiciable case and controversy, a complaint seeking a declaratory judgment related to a patent's enforceability or validity must be filed after the patent has been issued. *GAF Bldg. Materials Corp. v. Elk Corp. of Dall.*, 90 F.3d 479, 482 (Fed. Cir. 1996). Neither party disputes this well-settled principle of law. Rather, the parties' dispute revolves around the question of when a patent issues. Southwire argues that patents are issued at a particular time and the Court thus lacks subject matter jurisdiction over any action filed before that time, even on the date of issue. Conversely, Cerro contends that patents are not issued at a particular time, but only on a particular day, and therefore, that a declaratory judgment plaintiff in a patent case may file suit at any time on the day the patent issues, beginning with the moment immediately after midnight.

Neither party has presented the Court with legal authority addressing this precise question, and the Court is aware of none. Several courts have exercised jurisdiction over suits filed in the first minutes of a patent's issue date. *See, e.g.*, *D2L, LTD. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 779 n.14 (D. Md. 2009); *Hertz Corp. v. Enterprise Rent-a-Car Co.*, 557 F. Supp. 2d 185, 188 n.2 (D. Mass. 2008); *Abbot Labs. v. Johnson & Johnson, Inc.*, 524 F. Supp. 2d 553, 556, 557–58 (D. Del. 2007). One court even stated in dicta that 12:01 a.m. was "the minute the . . . patent issued." *D2L*, 671 F. Supp. 2d at 779 n.14.[3] However, in none of the cases did the defendant contend that the patent, as a matter of fact, had not issued before the plaintiff filed a complaint. Thus these cases do not provide guidance for evaluating Southwire's contention that the '024 patent was issued after 12:15 a.m. EDT, twelve minutes after Cerro filed its Complaint.

The language of 35 U.S.C. § 154, which Cerro also relies on, is similarly inconclusive. That statute states that the rights granted in a patent "shall be for a term beginning on the date on

---

[3] The Court notes that were it to accept Cerro's position, 12:00, not 12:01, would actually be the minute the patent issued, as the sixty seconds immediately following the stroke of midnight is the first minute of a day.

3

which the patent issues." 35 U.S.C.A. § 154(a)(2) (West, Westlaw through 2002 legislation). Based on this language, Cerro contends that that the enforceability of a patent is measured from the first moment of the day of its issuance. (Pl.'s Resp. 8, ECF No. 9.)  However, even if that contention were correct, it would not support a conclusion that the patent itself was also issued at that moment; how the law measures the length of a patent's protection is not the same question as whether a patent was in existence at the time a complaint was filed.

Lacking any conclusive legal authority one way or the other, each party contends that the other's approach would be difficult to administer.  Cerro contends that "Southwire may be the first and only patent owner to argue that enforcement of [a] patent should not begin until it is posted on [the PTO website]."  (Pl.'s Resp. 9, ECF No. 9.)  This approach raises important questions about how one proves issuance of a patent.  Unlike the electronic filing systems utilized by federal courts, neither the PTO websites nor the patent itself displays the time a patent was issued.  Without such concrete data, parties would have to rely on affidavits stating the time the PTO website first showed the patent had issued.  Thus, it seems that under Southwire's approach, the race to the courthouse would be preceded by a race to first observe a patent's issuance on the PTO website.

In its Reply, Southwire urges that Cerro's approach comes with its own adverse public policy implications.  First, Southwire argues that Cerro's approach would encourage forum shopping by allowing a declaratory judgment plaintiff to file suit at the stroke of midnight on a day it *thinks*, based on the issue notification,[4] a particular patent is going to issue.  If the patent does issue that day, the declaratory judgment plaintiff wins the race to the courthouse; if the patent does not issue, the plaintiff can simply withdraw the complaint, suffering limited

---

[4] An issue notification is a document sent by the PTO to the patentee after all requirements for issuance have been met.  MPEP § 1309 (8th ed. Rev. 8, July 2010).  The issue notification informs the applicant of the patent number and the issue date.  *Id.*

repercussions, if any.  Even if this is so, a patent holder could also file an infringement suit at midnight on the expected issue date and, like the declaratory judgment plaintiff, suffer limited repercussions for withdrawing it if the patent does not issue.  Thus, the two approaches differ only as to which event triggers the starting of the race to the courthouse: the stroke of midnight, or the patent's appearance on the PTO website.

Second, Southwire argues that Cerro's approach favors parties that wish to file in the Eastern Time Zone.  According to Southwire, if patents issue on a day only, rather than at a particular time, a party wishing to file a patent suit in the Central Time Zone must wait to file until midnight Central Time on the issue date—a full hour after those wishing to file in the Eastern Time Zone.  However, this situation is easily avoided if courts use "absolute time" to determine if a complaint is filed after a patent is issued, just as courts do when determining which of two complaints is filed first.  *See Third Dimension Semiconductor, Inc. v. Fairchild Semiconductor Int'l, Inc.*, No. 6:08-cv-200, 2008 WL 4179234, at *1 (E.D. Tex. Sept. 4, 2008) ("Courts use '"absolute time," (as opposed to "time zone" time) to determine which petition is filed first.'" (quoting *Mead Corp. v. Stuart Hall Co., Inc.*, 679 F. Supp. 1446, 1453 (S.D. Ohio 1987) (interpreting 5th Circuit case law))).  Thus, applying absolute time, if a patent does indeed issue at the first moment of the day in the Eastern Time Zone, a complaint filed just after 11:00 p.m. the previous day in the Central Time Zone is filed after the patent issues.

Considering the arguments presented by both parties, the Court is persuaded that Cerro's approach is correct and holds that the '024 Patent was issued just after 12:00 a.m. EDT on July 6, 2010, and thus Cerro's Complaint was filed after the Patent issued.  Therefore, the Court has subject matter jurisdiction over this declaratory judgment action.  Further, the Court finds that this action is the first-filed case regarding the parties' dispute over the '024 Patent.

The Court's inquiry does not end there, however.  Even where a declaratory judgment suit presents a justiciable case or controversy, "there is no absolute right to a declaratory judgment, for the [declaratory judgment] statute specifically entrusts courts with discretion to hear declaratory suits or not depending on the circumstances." *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).  This discretion is broad but not absolute. *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1385 (Fed. Cir. 2010). Generally, when a district court must choose between accepting jurisdiction over a suit for a declaration of patent rights or yielding to a later-filed infringement suit, "the first-filed action is preferred." *Serco*, 51 F.3d at 1039 (citations omitted).[5]  Southwire urges the Court to depart from the first-to-file rule in this case for three reasons: 1) the competing suits were filed mere hours apart; 2) the "substantive lawsuit" should be favored over the declaratory one; and 3) allowing the first-filed suit to proceed would promote forum shopping.

That Cerro's Complaint was filed little more than an hour before Southwire filed its infringement suit does not diminish the applicability of the first-to-file rule.  For the first-to-file rule is "just as valid when . . . one suit precedes another by a day as [it is] where a year intervenes between the suits." *Genentech v. Eli Lilly Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).  This is equally true when only minutes, rather than days, separate the two suits.  *See Lab. Corp. Am. Holdings v. Chiron Corp.*, 384 F.3d 1326, 1332 (Fed. Cir. 2004) (holding that the district court did not abuse its discretion in rejecting the argument that suits filed hours apart should be treated as if filed simultaneously).  Thus, the Court will not depart from the first-to-file rule in this case

---

[5] Although generally this Court applies Eleventh Circuit law to procedural questions, the Federal Circuit has held that "the question of whether to accept or decline jurisdiction in an action for a declaration of patent rights in view of a later-filed suit for patent infringement impacts [the Federal Circuit's] mandate to promote national uniformity in patent practice," and therefore, "it is an issue that falls within [the Federal Circuit's] exclusive subject matter jurisdiction." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347–48 (Fed. Cir. 2005).

merely because the two competing suits were filed within minutes of each other.

Similarly, the Court may not favor a later-filed infringement suit over a first-filed declaratory one based only on a preference for the "substantive lawsuit." Although some courts have applied such a rule in non-patent cases, the Federal Circuit has expressly rejected its application in patent cases, holding that "[t]he considerations affecting . . . dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action." *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347–48 (Fed. Cir. 2005). Generally, "the first-filed action is preferred, even if it is declaratory, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise." *Serco*, 51 F.3d at 1039 (citations omitted). Although exceptions to the first-filed rule "are not rare," "[t]he decision not to hear a properly brought declaratory action must rest on sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* (citations omitted). Thus, Southwire's argument that Cerro's declaratory claims should yield to the infringement suit merely because the latter is the "substantive suit" is without legal basis.

Southwire's final argument for departing from the first-to-file rule—that allowing this suit to proceed would promote forum shopping—also is not alone sufficient for the court to decline jurisdiction over this case. When ruling on the dismissal of a declaratory action, a district court may consider "whether a party intended to preempt another's infringement suit," but that is only one factor in the analysis. *Elecs. for Imaging*, 394 F.3d at 1347–48. Other factors a court may consider include "the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation." *Id.* at 1348 (citations omitted). Furthermore, the Federal Circuit recently held that when competing declaratory judgment and infringement actions are filed almost

7

simultaneously, the question of discretionary jurisdiction over the declaratory action is "basically the same as [that of] a transfer action under [28 U.S.C.] § 1404(a)."  *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008).

Although it seems apparent that Cerro filed this declaratory judgment action in an effort to preempt an infringement suit by Southwire, that alone is not sufficient reason to dismiss Cerro's suit.  In order to determine which suit should continue, the Court must determine which forum is more convenient by conducting an analysis similar to that for a § 1404 motion to transfer.  Though Southwire suggests in its briefing that the Eastern District of Texas is the more appropriate forum, neither party presents complete arguments or any affidavits or other evidence to support factual contentions regarding party and witness convenience.

Without fully developed arguments, and evidence from which factual determinations can be made, the Court cannot properly conduct a § 1404-type analysis.  Therefore, the Court requires the parties to submit briefing and evidence on the relevant convenience factors on an expedited schedule, and **ORDERS** as follows: Within fourteen days after the date of this Opinion, Southwire will file a brief, with accompanying affidavits or evidence, presenting its position on which forum is more convenient.  Within fourteen days after Southwire files its brief, Cerro may file a response presenting its position, with affidavits or evidence attached.  Within seven days after Cerro files its response, Southwire may file a reply brief.  All briefs must comply with the local rules of the Northern District of Georgia.  Upon receiving the parties' briefing, the Court will decide whether it should in its discretion dismiss this case.

### Conclusion

The Court concludes that Cerro's declaratory judgment claims present a justiciable case or controversy because Cerro filed its Complaint after the '024 Patent issued.  Further, the Court

finds that Cerro's suit is the first-filed action concerning the '024 Patent. Accordingly, Southwire's Motion is **DENIED** in part. However, the Court lacks sufficient evidence and argument to determine whether it should in its discretion dismiss Cerro's claims, and thus, will decide that matter when further briefing is submitted in accordance with this Opinion.

      **SO ORDERED**.

March 4, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS